

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,222-01

### EX PARTE JOSEPH BUSSARD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-371-W011969-1218525-A IN THE 371ST DISTRICT COURT FROM TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to driving while intoxicated and was sentenced to ten years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being denied time credit for a period after he was arrested in another state pursuant to the Interstate Compact for Adult Offender Supervision for violating the conditions of his mandatory supervision in this case. Specifically, Applicant contends that he was arrested on April 2, 2018 in Nebraska for violating his mandatory supervision in this case. On October 26, 2018, a pre-revocation warrant was issued, and that warrant was executed on November

20, 2018. Applicant's mandatory supervision was revoked on March 3, 2020. He was given credit against his sentence from November 20, 2018, when the pre-revocation warrant was executed. However, Applicant argues that he should be receiving credit against his sentence from April 2, 2018, the date of his arrest pursuant to the Interstate Compact for Adult Offender Supervision.

The trial court has entered findings of fact and conclusions of law, supported by the record, indicating that Applicant is entitled to relief. See *Ex parte Rodriguez*, 195 S.W.3d 700, 703 (Tex. Crim. App. 2006) (an applicant is entitled to show that he was detained in a cause by some means other than a formal detainer). The trial court finds that Applicant is entitled to additional credit from the date of his arrest on April 2, 2018, until the date the pre-revocation warrant was executed on November 20, 2018.

Relief is granted. If Applicant's records have not already been corrected, the officials at the Texas Department of Criminal Justice, Correctional Institution Division and Paroles Division are hereby ordered to amend Applicant's records to reflect an additional 232 days of jail time credit.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: November 10, 2021
Do not publish